IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

NATIONAL AMERICAN INSURANCE COMPANY,

    Plaintiff,

v.                                                                                                  No. 1:15-cv-01169

A B C CONCRETE MFG CO., INC.;
A B C CONCRETE MFG CO., INC. d/b/a
ABC SEPTIC SYSTEMS, INC.;
NICHOLAS MONTANO;
SCOTTSDALE INSURANCE COMPANY;
and NATIONAL CASUALTY COMPANY,

    Defendants.

## NATIONAL AMERICAN INSURANCE COMPANY'S
## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW National American Insurance Company ("NAICO"), by and through its attorneys of record, Butt Thornton & Baehr PC (James H. Johansen and Brett C. Eaton), and pursuant to Fed.R.Civ.P. 57, requests declaratory judgment that NAICO does not owe a duty to defend, indemnify, or reimburse A B C Concrete MFG Co., Inc.; ABC Septic Systems, Inc.; Nicholas Montano; Scottsdale Insurance Company; or National Casualty Company. In support of NAICO's Complaint for Declaratory Judgment, NAICO states as follows:

### PARTIES AND JURISDICTION

1.    This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.

2.    NAICO is an Oklahoma corporation, with its principal place of business at 1010 Manvel Ave., Chandler, Oklahoma 74834.

3.    A B C Concrete MFG. Co., Inc. ("ABC MFG") is a New Mexico corporation, with its principal place of business in Farmington, New Mexico.

4. ABC Septic Systems, Inc. ("ABC Septic") is a defunct New Mexico corporation, whose certificate of incorporation was revoked on July 22, 2002.

5. ABC Septic is currently being used as a trade name of ABC MFG.

6. Scottsdale Insurance Company ("Scottsdale") is an Ohio Corporation with its principal place of business in Scottsdale, Arizona.

7. National Casualty Company ("NCC") is part of the Scottsdale Group of Companies, with its principal place of business in Scottsdale, Arizona.

8. Alan Nelson is a citizen and resident of California.

9. Nina Nelson is a citizen and resident of California.

10. Nicholas Montano is a citizen and resident of New Mexico.

11. The amount in controversy exceeds $75,000.00.

12. The insurance contract at issue between ABC MFG and NAICO was formed in New Mexico.

13. Jurisdiction and venue are proper since the insurance contract at issue was entered into in New Mexico.

## UNDERLYING CASE AND RELEVANT FACTS

14. On February 5, 2015, Alan and Nina Nelson ("Underlying Plaintiffs") filed their Complaint for personal injury against ABC MFG, Nicholas Montano, and Does 1-25 (collectively "Underlying Defendants") in the Superior Court of California, County of Glenn ("Underlying Case").

15. In the Complaint, the Underlying Plaintiffs alleged that on August 7, 2014, while travelling southbound on Interstate 5 in Glenn County, California, they were involved in a motor vehicle accident with a tractor-trailer driven by Nicholas Montano and owned by ABC MFG,

wherein Mr. Montano made an improper lane change, forced Underlying Plaintiffs out of their lane of travel, struck the Underlying Plaintiffs' vehicle, and caused the Underlying Plaintiffs' vehicle to rollover into the median.

16. Alan Nelson alleged he "sustained serious personal injuries, including but not limited to a subarachnoid hemorrhage in the left temporal lobe; right sided scalp hematoma; and a comminuted fracture body of C2 and fractures at C5 and C; undergo a course of pain and suffering and has sustained general damages as well as special damages." Mr. Nelson also claimed past and future medical expenses, as well as past and future lost wages.

17. Nina Nelson alleged she sustained personal injuries, pain and suffering, special damages, and past and future medical expenses.

18. Mr. Montano was driving a 2007 Freightliner with VIN # 1FUJA6CKX7LW28215 ("Freightliner"), which was owned by ABC MFG, and being operated under the trade name of ABC Septic.

19. The Underlying Defendants removed the Underlying Case to the United States District Court Eastern District of California (Sacramento Division) on April 8, 2015.

20. Counsel for the Underlying Defendants in the Underlying Case was retained by NCC, pursuant to an insurance policy issued to ABC Septic, with policy number LTO0015269.

21. On April 17, 2015, counsel for the Underlying Defendants, sent a tender of defense letter to NAICO.

22. NAICO first learned about the accident which is the basis for the Underlying Case (the "Accident") on April 20, 2015, when it received the tender of defense letter.

23.     NAICO issued a policy to ABC MFG with policy number MP10570130 for Commercial General Liability Coverage and for Commercial Auto Coverage (the "NAICO Policy").

24.     The NAICO Policy included a schedule of coverages for "any 'Auto'" under the Business Auto Coverage Form.

25.     Prior to the issuance of the first policy issued by NAICO to ABC MFG, the agent for ABC MFG Nicole Cottington, CISR, sent an email to NAICO, dated 11/26/12, stating, "Please note, their (ABC MFG) long haul trucking is a separate operation with a separate insurance policy."

26.     In its application for insurance with NAICO (the "Application"), ABC MFG stated it had listed on the Application all vehicles it owned and that no vehicles were leased to others. The Application also indicates that none of the vehicles owned by ABC MFG were used for long-haul trucking.

27.     NAICO issued its policy to ABC MFG based upon its understanding that ABC MFG had obtained a separate policy to cover long haul trucking and was not requesting any coverage for long haul trucking through the NAICO policy, that it had disclosed all vehicles it owned, and that it had not leased any vehicles it owned to others.

28.     ABC MFG failed to disclose to NAICO that ABC MFG was registered with the United States Department of Transportation ("USDOT") (USDOT # 778953), under the trade name ABC Septic, and operated as an interstate commercial motor carrier for hire, listing NCC as its insurance carrier, and that NCC had filed proof of financial responsibility with USDOT.

29.     According to the USDOT, in 2013, ABC MFG dba ABC Septic drove 55,579 miles as a for-hire interstate commercial carrier.

30. On January 6, 2012, ABC MFG entered into a Truck Lease and Service Agreement with ABC Septic, wherein ABC MFG leased the Freightliner that was involved in the Accident.

31. At the time of the Accident, Mr. Montano was employed by ABC Septic, and was hauling a load from Oregon to New Mexico for ABC Septic. ABC Septic, not ABC MFG, was listed on the invoice as the commercial carrier to be paid.

32. Neither NAICO nor ABC MFG intended that NAICO insure vehicles owned by ABC MFG that were involved in for-hire, long-haul or interstate hauling.

33. It was the intent of ABC MFG that ABC Septic would pay for its own automobile liability coverage and that vehicles leased to ABC Septic would not be insured under the policy issued by NAICO.

34. NCC issued a Commercial Auto Coverage Motor Carrier Coverage policy to ABC Septic, with policy number LTO0015269.

35. The NCC Motor Carrier Coverage policy issued to ABC Septic provided liability coverage only for "Specifically Described 'Autos.'"

36. The Freightliner was one of the listed "Autos" under the NCC Motor Carrier Coverage policy.

37. Upon information and belief, a tractor driven under the ABC Septic trade name was involved in a different accident on July 8, 2014, involving a truck insured under the NCC policy.

38. No claim was made to NAICO under the NAICO policy for the July 8, 2014 accident but, instead, was made under the NCC policy.

39. On November 4, 2014, after the date of the Accident and prior to NAICO learning about the Accident (April 20, 2015), ABC MFG requested a policy change to include the Freightliner as a listed auto under its NAICO policy, without giving notice to NAICO that the Freightliner was involved in the Accident.

## COUNT I-REFORMATION OF INSURANCE CONTRACT FOR MUTUAL MISTAKE

40. NAICO realleges the allegations contained in Paragraphs 1 through 39 as though fully set forth in their entirety.

41. During the formation of the insurance contract between NAICO and ABC MFG, it was the understanding of both parties to the contract that ABC MFG was not involved in for-hire long-haul trucking.

42. NAICO and ABC MFG agreed to enter into a contract for Commercial General Liability Coverage and for Commercial Auto Coverage.

43. Neither NAICO nor ABC MFG contemplated that NAICO would insure ABC MFG for any for-hire long-haul trucking activities.

44. When it formed its insurance contract with NAICO, ABC MFG believed ABC Septic was a separate legal entity, and had even attempted to lease tractors used for long-haul or interstate trucking to ABC Septic.

45. ABC MFG, operating as ABC Septic for purposes of long-haul or interstate trucking, entered into a separate insurance contract with NCC to specifically insure the tractor-trailers that ABC MFG operated in for-hire long-haul or interstate trucking.

46. The NAICO policy number MP10570130 did not effectuate the intention of NAICO and ABC MFG.

47.     Both NAICO and ABC MFG labored under the same erroneous conception that the NAICO policy would not be insuring for-hire long-haul or interstate trucking operations for ABC MFG. Had NAICO known the true facts, it would have issued a policy of insurance that provided insurance only for "Specifically Described 'Autos'" and would not have included vehicles involved in for-hire long-haul trucking.

48.     There was a mutual mistake as to the scope of risk for which the policy would provide coverage.

49.     As a result, the failure to exclude the risks of insuring for-hire long-haul or interstate trucking by providing coverage only for specifically described vehicles that were not engaged in for-hire interstate, long-haul trucking was done in error, and NAICO is entitled to a declaration to reform the policy to limit liability coverage to specifically described vehicles, i.e., those intended to be limited to the primary uses classified as local or intermediate use and not engaged in for-hire, long-haul trucking and NAICO would not be liable to indemnify or defend ABC MFG, ABC MFG dba ABC Septic, or Nicholas Montano for the August 7, 2014 accident.

WHEREFORE, the Plaintiff, National American Insurance Company, respectfully asks this Court for a Judgment to reform the NAICO policy to limit liability coverage to "Specifically Described 'Autos'" that were not intended to be used as for-hire, long-haul, interstate trucking, and to find that National American Insurance Company has no duty to defend, indemnify, or reimburse the Defendants A B C Concrete MFG Co. Inc.; ABC Septic Systems, Inc.; Nicholas Montano; Scottsdale Insurance Company; or National Casualty Company.

Respectfully Submitted,

Butt Thornton & Baehr PC

/s/ James H. Johansen
James H. Johansen
Brett C. Eaton
*Attorneys for Plaintiff*
  *National American Insurance Company*
P.O. Box 3170
Albuquerque, NM 87190-3170
(505) 884-0777
jhjohansen@btblaw.com
bceaton@btblaw.com